**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50277 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-01157- GHK-2 |
| v. | |
| EDWARD SEUNG OK, AKA ED OK, AKA SEUNG MOK OK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted October 14, 2011[**]
Pasadena, California

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and ERICKSON, Chief District Judge.[***]

Appellant Edward Ok (hereafter "Ok") appeals from a judgment and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ralph R. Erickson, Chief District Judge for the U.S. District Court for North Dakota, Fargo, sitting by designation.

sentence that was imposed on his pleas of guilty in the district court based on two claims: First, that the factual basis offered at the time of his change of plea hearing was insufficient; and, Second, that the district court abused its discretion in denying Ok's motion to withdraw his guilty pleas. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Ok admitted to an adequate factual basis at the time of his change of plea hearing and the district court did not abuse its discretion, we affirm.

Ok failed to raise a Rule 11 objection contemporaneously with his sentencing in the district court so we review applying the plain error standard. *United States v. Vonn*, 535 U.S. 55, 59 (2002). Under the plain error standard Ok must show "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Roblero-Solis*, 588 F.3d 692, 701 (9th Cir. 2009) (quoting *United States v. Dominguez Benitez*, 452 U.S. 74, 83 (2004)). Before this court may vacate Ok's plea, we must be convinced as "informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *United States v. Escamilla-Rojas*, 640 F.3d 1055, 1062 (9th Cir. 2011) (quoting *Dominguez Benitez*, 452 U.S. at 83); *See also Vonn*, 535 U.S. at 59 ("A reviewing court may consult the whole record when considering the effect of any error on substantial rights").

Ok claims that because the facts stated in the factual basis in the plea

agreement fail to mention the use of the mails, an essential jurisdictional element is missing in his plea. He claims acceptance of the plea violates 18 U.S.C. § 1341. Ok admits the district court specifically discussed the use of the mails in the plea colloquy. He contends that this discussion was inadequate to satisfy the factual basis because the colloquy was general in nature and related only to his understanding of the charges.

These arguments lack merit. Ok's admissions during the plea colloquy form a sufficient factual basis for his guilty plea. During the colloquy, Ok was informed of the essential elements of the crime and admitted that he understood those elements as they were set forth in the second superseding indictment. Among those elements was an admission that Ok "used or caused to be used the mails to carry out or attempt to carry out an essential part of the scheme." When asked whether he understood the nature of this charge, Ok responded, "Yes." When asked whether he "did the things which are charged against you" in the indictment, Ok responded, "Yes."

Additional evidence supported Ok's guilty plea. It is well established in this circuit that when considering the factual basis for a plea, the district court may consider all of the evidence before it at the time of the judgment. *United States v. Alber*, 56 F.3d 1106, 1110 (9th Cir. 1995). The evidence may include matters that go beyond the plea colloquy and include consideration of anything existing in the

record at the time of sentencing. *United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009). Here, the government included additional information in a fact statement attached to the plea agreement, and submitted a declaration from the Los Angeles County Clerk's Office stating that the grant deeds at issue were mailed from the Clerk's Office via the United States Postal Service. Even if Ok's plea colloquy were not enough to support his guilty plea (it was), these additional facts would have been enough to do so.

Ok's argument that the district court was bound to consider nothing beyond the factual basis offered in the plea agreement is specious. The plea agreement itself provides that the statement of the factual basis "is not meant to be a complete recitation of all facts relevant to the underlying criminal conductor all facts known to the defendant that relate to that conduct." More importantly, Rule 11 does not require a factual basis to be set out in a written plea agreement. *See* Fed. R. Crim. P. 11.[1]

Finally, Ok contends that the district court abused its discretion in denying his motion to withdraw his guilty pleas. Because the only basis for withdrawing the plea was the alleged defectiveness of the plea agreement, and because it was

---

[1] As the district court explained in this case, while it is a tradition in the Central District of California to include a fact attachment in a plea agreement, there is no requirement to do so. A mere tradition does not establish a legal requirement.

not plain error for the district court to conclude that the agreement provided a sufficient basis on which to sustain the plea, the district court did not abuse its discretion in denying Ok's motion to withdraw his guilty plea.

**AFFIRMED.**